UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

In Re:

WORLD TRADE BUSINESS
ASSOCIATIONS, INC.,

**DECISION AND ORDER**
13-Misc.-44-A

---

This is an application pursuant to Federal Rule of Bankruptcy Procedure 8005 for a stay pending appeal of a bankruptcy court order that a Chapter 11 debtor-in-possession immediately surrender leased non-residential premises to the landlord pursuant to 11 U.S.C. § 365(d)(4). The stay is sought by the tenant-debtor, World Trade Business Associations, Inc., proprietor of a restaurant known as "Ying's Wings and Things" ("Ying's" or "debtor"), located in premises at 2309 Eggert Road, Tonawanda, New York, leased from BG ODP Tonawanda, LLC ("BG ODP"). Ying's argues that it will be unable to reorganize, it will have to liquidate its assets, and all of its creditors will suffer unnecessary losses, if it is required to surrender the lease and leased premises to its creditor-landlord, BG ODP, before the appeal is decided.

Ying's seeks reversal on appeal of an Order of the Bankruptcy Court for the Western District of New York, entered June 26, 2013, by Bankruptcy Judge Michael J. Kaplan, No. 12-11797. The Order denied Ying's motion pursuant to 11 U.S.C. § 365(a) and (b) to assume the lease, and granted BG ODP's cross-motion for immediate surrender of the lease and leased premises pursuant to § 365(d)(4), for "reasons stated on the record at the hearing on April 10, 2013 and June 19, 2013."

Dkt. No. 1-1, p. 4 (the "Surrender Order").[1] The Bankruptcy Court apparently ruled that Ying's failed to satisfy the requirement of § 365(b)(1) that a debtor either cure a default of an unexpired lease by paying past-due rent, or provide adequate assurance of cure by periodic payments, and that the term "immediate surrender," as it is used in § 365(d)(4) with reference to nonresidential premises, actually means immediate surrender. *See* Dkt. No. 1, ¶¶ 26, 31-33, p. 7; Dkt. No. 2-8, pp. 9-10.

Pursuant to Bankruptcy Rule 8005, and for the reasons that follow, the Court denies the motion for a stay pending appeal. Ying's has not provided to the Court transcripts or other information sufficient for the Court to evaluate the Surrender Order and whether it is likely to be reversed on appeal. Ying's also has not provided the reasons stated by the Bankruptcy Court for denying an initial motion for a stay pending appeal. Ying's therefore fails to meet its burden of proof under Rule 8005 to make a strong showing it is likely to succeed on the merits of its appeal, and otherwise fails to meet requirements for entry of a stay pending appeal.

The denial of Ying's motion for a stay pending appeal is without prejudice. Before debtor may renew its motion for a stay in this Court, it shall show cause why the appeal of the Surrender Order should not be dismissed pursuant to Rule 8001(a) and L. R. Civ. P. 76 because debtor has not met its obligation under Rule 8006 to compile an adequate record on appeal.

---

[1] The appeal of the Surrender Order was separately docketed in this Court on October 3, 2013 at 13-CV-999-A.

## PRIOR PROCEEDINGS

The debtor-appellant, World Trade Business Associations, Inc., is proprietor of a restaurant known as "Ying's Wings and Things" in premises at 2309 Eggert Road, Tonawanda, New York, that debtor leases from creditor-appellee BG ODP Tonawanda, LLC. Ying's filed a voluntary Chapter 11 petition for reorganization on June 5, 2012. The automatic stay of 11 U.S.C. § 362(a) stayed execution of a warrant of eviction obtained by BG ODP in state court for Ying's eviction for past-due rent.

On March 19, 2013, approximately 287 days after the Chapter 11 petition was filed, Ying's filed a motion to assume the lease pursuant to 11 U.S.C. § 365(a) and (b). Dkt. No. 2-8, p. 8. The Bankruptcy Court denied the motion to assume the lease, and granted BG ODP's cross-motion for immediate surrender, both for reasons the Bankruptcy Court stated orally. Dkt. No. 2-8, p. 8-9; *see* Surrender Order. Although Ying's has not provided transcripts of the Bankruptcy Court's oral rulings to this Court, the Bankruptcy Court apparently rejected Ying's arguments that it was entitled to contest its liabilities under the lease in state court and an adversary proceeding. Ying's apparently argued it was not required by § 365(a) and (b) to provide adequate assurance of contested past-due rent to assume the lease, and, since it moved to assume the lease within the time allowed by the Bankruptcy Court, it was not required to surrender the lease and leased premises immediately upon denial of its motion to assume.

On July 10, 2013, Ying's filed a motion pursuant to Bankruptcy Rule 8005 in

3

the Bankruptcy Court to stay the Surrender Order pending appeal. *See* Dkt. No. 2-8, p. 10. It also filed a Notice of Appeal to this Court. *Id.* On August 7, 2013, the Bankruptcy Court denied the motion for a stay in an Order which debtor has not provided to this Court. *Id.* The Bankruptcy Court entered an interim stay pending further action by this Court, however. *Id.*

## DISCUSSION

The Court has jurisdiction over this bankruptcy appeal under 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure 8005 governs motions seeking a stay of a final bankruptcy court order pending appeal. The Rule does not explicitly state the showing that must be made for entry of a stay pending appeal, but courts in the Second Circuit fairly consistently apply the standard for entry of a stay pending appeal of a final district court decision to the Court of Appeals. *See In re Savage & Assocs., P.C.*, No. 05 Civ.2072 (SAS), 2005 WL 488643, at *1 (S.D.N.Y. Feb 28, 2005). A Rule 8005 motion for a stay pending appeal of a bankruptcy court order therefore requires consideration of four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re New York Skyline, Inc.*, No. 09–10181, Adv. P. No. 09–01145 (SMB), 2013 WL 5487938 *3 (Bankr. S.D.N.Y. Oct. 2, 2013) (*quoting In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) *and Hilton v. Braunskill*, 481 U.S. 770,

776 (1987)). The burden of proof is on the applicant for a stay pending appeal, and it is a heavy burden. *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012); *In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009).

As a preliminary matter, Federal Rule of Bankruptcy Procedure 8006 requires the party appealing a decision of a bankruptcy court to file, within 14 days of filing the notice of appeal, a designation of items to be included in the record on appeal and a statement of issues presented. *Id.* "While the Rule does not require that the 'record on appeal' include all transcripts of the proceedings below, its provisions make clear that those documents which include 'findings of fact' or 'conclusions of law' are deemed part of the record, including transcripts . . . ." *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006). Pursuant to Rule 8006, "[a]ppellants have the duty to [designate and] provide the [C]ourt with all documents, including transcripts, that are necessary to conduct substantive review." *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011) (*citing cases*); *see In re WEB2B Payment Solutions, Inc.*, No. 12-CV-2327, 2013 WL 2383599 *1-2 (May 30, 2013 Bankr. D. Minn.) (*citing cases*).

When the Bankruptcy Court denied Ying's motion pursuant to 11 U.S.C. § 365 to assume its lease, and granted the cross-motion for immediate surrender of the lease and leased premises to landlord BG ODP, the Bankruptcy Court did so "for the reasons stated on the record" at hearings on April 10, 2013 and June 19, 2013. Surrender Order at p. 4. The Surrender Order stated, in pertinent part:

> 1. ORDERED that, for the reasons stated on the record at the hearing on April 10, 2013, the Motion to Assume is hereby DENIED and Landlord's M[otion] F[or] R[elief from

5

> the Automatic Stay] is GRANTED;
>
> 2. ORDERED that, for the reasons stated on the record at the hearing on April 10, 2013 and June 19, 2013, the Landlord's Motion for Surrender is hereby GRANTED;
>
> 3. ORDERED that Debtor shall surrender possession of 2309 Eggert Road, Tonawanda, New York to Landlord;
>
> 4. ORDERED that the surrender of possession shall be subject to the terms and conditions stated on the record at the hearing on June 19, 2013; and
>
> 5. ORDERED that this Court retains jurisdiction to enforce and implement the terms and provisions of surrender of possession.

*Id.* at p. 4. The Surrender Order did not otherwise state reasons for the Bankruptcy Court's rulings. *Id.* It did not otherwise state the "terms and conditions" of the surrender of possession of the leased premises.

Despite the Bankruptcy Court's repeated references to "reasons stated on the record," debtor has not provided the Court with transcripts of the oral rulings of the Bankruptcy Court on April 10, 2013 and June 19, 2013, or of any other proceedings that may be necessary to permit meaningful consideration of the Surrender Order in connection with this motion for a stay pending appeal.[2] Without the transcripts, debtor is unable to show it is likely to succeed on the merits of its appeal by establishing a strong likelihood the Bankruptcy Court committed reversible error. Debtor is further unable to show the cognizable interests and hardships the Court should consider to assess how the balance of hardships, if a stay were to be

---

[2] The transcripts were neither provided to the Court in this miscellaneous proceeding nor included in the record on appeal filed October 3, 2013. *See* 13-CV-999-A, Dkt. No. 1-3.

6

entered, falls upon the parties and the public. *See In re New York Skyline, Inc.*, *supra*, 2013 WL 5487938 at *3. Debtor therefore fails to meet its burden of proof under Rule 8005 to obtain a stay pending appeal.

Pursuant to 28 U.S.C. § 158(a), "the district courts of the United States . . . have jurisdiction to hear appeals (1) from final judgments, orders, and decrees" of a bankruptcy court. *Id.* The role of district courts hearing such appeals is not to hear testimony or to consider documentary evidence; it is to review a factual record as found by a bankruptcy court and carefully to determine whether the bankruptcy court made an error under applicable standards of appellate review. *Id.*; *see In re Sanshoe Worldwide Corp.*, 993 F.2d 300, 305 (2d Cir. 1993) (". . . the district court acts as an appellate court in reviewing a bankruptcy court's judgments."); *see e.g.*, *In re Great Atlantic & Pacific Tea Co., Inc.*, 472 B.R. 666 (S.D.N.Y. 2012) (appeal of grant of § 365 motion to assume nonresidential lease).

Bankruptcy Rule 8013 provides the bankruptcy court's "[f]indings of fact, whether based upon oral or documentary evidence, shall not be set aside [on appeal] unless clearly erroneous." *Id.* Under this standard of appellate review:

> the district court is not authorized to engage in independent fact finding and reviews the bankruptcy court's findings only for clear error. The findings of fact can only be set aside by the district court when, after reviewing the evidence, the court is left with the firm and definite conviction that a mistake has been committed.

*Morgan v. Gordon,* 450 B.R. 402, 405 (W.D.N.Y. 2011) (*quoting Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 61 (W.D.N.Y. 2002) (*quotations and*

7

*citations omitted*)).  The district court does not have jurisdiction to find facts on appeal; it only reviews the factual findings of the bankruptcy court for clear error.  *Id.*; *see e.g.*, *In re Rose*, 483 B.R. 540, 544 (B.A.P. 8th Cir. 2012).

Conclusions of law of a bankruptcy court are reviewed *de novo*.  *See e.g.*, *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2007) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, . . . [and] its conclusions of law *de novo*. . . . " (*citations omitted*)).  The Court reviews "mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominately legal or factual."  *In re Am. Express Merchants' Litig.*, 554 F.3d 300, 316 n. 11 (2d Cir. 2009), *vacated on other grounds by Am. Express Co. v. Italian Colors Rest.*, 130 S.Ct. 2401 (2010) (*quoted in In re Strawbridge*, No. 11 Civ. 6759 (PAE), 2012 WL 701031 *4 (S.D.N.Y. Mar. 6, 2012)).  By failing to provide the Court with a record sufficient for the Court to evaluate whether particular findings and conclusions of the Bankruptcy Court were likely decided in error under an applicable standard of review, debtor fails to carry its burden of proof for a stay pending appeal under Rule 8005.

In lengthy filings on Ying's motion for a stay pending appeal, Ying's and BG ODP provide only brief summary statements of the Bankruptcy Court's reasons for entering the Surrender Order.  *See* Dkt No. 1, p. 7-8, ¶¶ 26, 32-33;  Dkt No. 2, p. 7-8, ¶¶ 28, 30.  These summary statements are not sufficient even to determine the applicable standards of review on appeal of mixed questions of law and fact Ying's raises on appeal.  *See id.*

8

Ying's Statement of Issues on Appeal, docketed October 3, 2013, does not clarify the issues and applicable standards of review. *See* 99-CV-999-A, Dkt. No. 1-3, pp. 3-4. For example, among other issues, Ying's purports to appeal "[w]hether the earlier-rendered opinion(s) and decision(s) of the Bankruptcy Court, which it incorporated into its June 26, 2013 Decision and Order, were correctly decided and applied." Dkt. No. 99-CV-999-A, Dkt. No. 1-3, p. 4, ¶ 2. Since the transcripts of these earlier oral rulings of the Bankruptcy Court have not been provided to the Court, this statement of issues to be appealed is so vague that it undermines Ying's contention on this motion that Ying's is likely to prevail on the merits of its appeal.

Ying's suggests it raises a purely legal question concerning interpretation of the term "immediate surrender" as it is used in § 365(d)(4), among the issues it purports to raise on appeal. Dkt. No. 1, pp. 8-10. But this Court does not have jurisdiction to render an advisory opinion on such a question in isolation from the specific reasoning of the Bankruptcy Court based upon the evidence and arguments presented to the Bankruptcy Court during the contested proceedings below. Having failed to provide the Court with transcripts of the Bankruptcy Court's oral statements of reasons for its rulings, Ying's fails to show a likelihood of success on appeal, let alone the strong showing required by Rule 8005.

A party seeking a stay pending appeal pursuant to Bankruptcy Rule 8005 need not necessarily compile a complete record on appeal in order to carry the party's burden of proof to obtain a stay. *See e.g.,* Fed. R. Bankr. P. 8007(c). However, the record presented in this miscellaneous proceeding, even when

9

examined in light of the October 3, 2013 record on appeal compiled by debtor, is insufficient to carry debtor's burden under Rule 8005.

Before Ying's sought a stay pending appeal in this Court, it was required by Bankruptcy Rule 8005 to first present the motion to the Bankruptcy Court, and it was then required to explain to this Court "why the [stay . . . ] was not obtained from the bankruptcy judge." *Id.* These requirements ensure that the district court has the benefit of the views of the bankruptcy judge as informed by the bankruptcy judge's experience with the case and parties. *See e.g.*, *In re MSR Resort Golf Course LLC*, Nos. 11-CV-10371 (SHL) 13 Misc. 0069 (NRB), 2013 WL 766166 *2 (Feb. 26, 2013 S.D.N.Y.); *In re 347 Linden LLC*, 11-CV-1990 (KAM) (June 8, 2011 E.D.N.Y.). Having properly made an initial application for a stay pending appeal to the Bankruptcy Court, Ying's has not provided the Court with the Bankruptcy Court's Order denying the application for a stay, and has not even summarized reasons given by the Bankruptcy Court for denying the initial motion for a stay. This threshold defect in Ying's motion for a stay pending appeal is not a jurisdictional defect, *see* Fed. R. Bankr. P. 8001(a), but it further supports denial of a stay pending appeal.

## CONCLUSION

For the reasons stated above, the motion for a stay pending appeal filed by appellant, World Trade Business Associations, Inc., of an Order of the Bankruptcy Court for the Western District of New York, entered June 26, 2013, by Bankruptcy Judge Michael J. Kaplan, denying appellant's motion pursuant to 11 U.S.C. § 365(a)

and (b) to assume a nonresidential lease, and granting appellee BG ODP Tonawanda, LLC's cross-motion for immediate surrender of the lease and leased premises pursuant to § 365(d)(4), is denied. The Court has carefully considered the submissions of the parties and finds oral argument is not needed. *See* Fed. R. Bankr. P. 8012. Appellee BG ODP is directed to notify the Bankruptcy Court of this decision denying a stay pending appeal.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 9, 2013